Filed 6/9/22  P. v. Smith CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E077287 |
| v. | (Super.Ct.No. FWV1503902) |
| JAMES A. SMITH, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Ingrid Adamson Uhler, Judge.  Vacated in part and remanded with directions.

Thomas Owen, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Arlene A. Sevidal and Randall D. Einhorn, Deputy Attorneys General, for Plaintiff and Respondent.

This is defendant James Smith's second appeal.  In a prior unpublished opinion, we affirmed Smith's convictions and remanded the matter for resentencing.  (*People v.*

1

*Smith* (Apr. 15, 2020, E070717) [nonpub. opn.].)  On appeal from Smith's new sentence, his appointed counsel filed a brief raising no issues, but we requested supplemental briefing about the effect of recently enacted Assembly Bill No. 333 (2021-2022 Reg. Sess.) (Assembly Bill 333) (Stats. 2021, ch. 699), which amended the gang enhancement statute (Pen. Code, § 186.22, subd. (b)(1); undesignated statutory references are to this code).

The People argue that Assembly Bill 333 does not apply retroactively because Smith's convictions became final when we previously affirmed them.  The People nevertheless concede, and the parties agree, that if we conclude that Smith's judgment of conviction was not final when Assembly Bill 333 became effective, then the amendments apply retroactively to Smith's case and we should vacate the true findings on the gang enhancements.  We conclude that Smith's judgment of conviction was not final when Assembly Bill 333 became effective, so Assembly Bill 333 applies to his case.  We concur with the parties that the proper remedy is to vacate the true findings on the gang enhancements and to remand for further proceedings.

BACKGROUND

We describe only those facts relevant to the issues in this appeal concerning the gang enhancement allegations under section 186.22, subdivision (b)(1).  Smith and codefendant Donovan Gardner were charged with the following offenses:  first degree burglary with a person present (§ 459; count 1), felony evasion of law enforcement (Veh. Code., § 2800.2, subd. (a); count 2), assault of a law enforcement officer (§ 245, subd.

2

(c); count 3), and active participation in a criminal street gang (§ 186.22, subd. (a); count 4). For the first three offenses, Smith and Gardner were charged with committing the offenses for the benefit of, at the direction of, or in association with a criminal street gang with the intent to promote, further, or assist in criminal conduct. (§ 186.22, subd. (b)(1).)

Detective Dustin Wilf testified as an expert on the Pasadena Denver Lanes, which he testified is a gang. Wilf opined that Smith was an associate and likely a member of the Pasadena Denver Lanes and that Gardner was a member.

The prosecutor presented Wilf with a hypothetical mirroring the underlying facts in this case. Wilf opined that in committing the underlying burglary and evading law enforcement officers, Smith and Gardner were "acting with intent to further, promote, or assist criminal conduct by Pasadena Denver Lanes gang members." Wilf explained that committing the crimes bolstered the reputation of the gang and the members themselves. Wilf further explained that when two gang members commit a crime together, it benefits the gang by bolstering its reputation. According to Wilf, reputation is "very important" in gang culture. A gang with a "stronger reputation" is less likely to be attacked by rivals.

In addition, Wilf opined that the underlying burglary benefitted the Pasadena Denver Lanes by allowing the gang to profit from the proceeds of the burglary. Wilf also opined that successful evasion of law enforcement benefitted the gang because two gang members would remain on the street, which would allow them to commit more crimes, to generate more revenue, and to intimidate others.

3

With respect to the substantive gang offense under section 186.22, subdivision (a), the jury was instructed with former CALCRIM No. 1400. The jury also was instructed with former CALCRIM No. 1401 as to the gang enhancements under section 186.22, subdivision (b)(1). The jury was instructed that a criminal street gang is an ongoing organization of three or more persons whose members individually or collectively engage in, or have engaged in, a pattern of criminal gang activity. The jury was instructed that, in determining what constitutes a pattern of criminal gang activity, the jury could consider any of the underlying crimes of which the jury found Smith guilty.

A jury convicted Smith of first degree burglary with a person present and felony evasion of law enforcement. For both of those offenses, the jury also found true the gang enhancement allegations. The jury found Smith not guilty of assaulting a law enforcement officer and of the substantive gang offense. Smith was sentenced to 24 years and four months in prison.

We affirmed Smith's convictions but remanded for resentencing. We directed the trial court to strike a one-year prior prison term enhancement under section 667.5, subdivision (b), and to exercise its discretion to impose or strike the gang enhancement associated with the evasion count. The trial court had improperly stayed the sentence for that enhancement. On remand, the trial court imposed a one-year term for the gang enhancement and sentenced Smith to 20 years and four months in prison.

4

DISCUSSION

A. *Assembly Bill 333*

Under section 186.22, subdivision (b)(1), a defendant who commits an enumerated felony "for the benefit of, at the direction of, or in association with a criminal street gang, with the specific intent to promote, further, or assist in criminal conduct by gang members" (§ 186.22, subd. (b)(1)) "is subject to increased punishment upon conviction" (*People v. Sek* (2022) 74 Cal.App.5th 657, 664 (*Sek*)).

Assembly Bill 333 became effective on January 1, 2022, and made numerous changes to section 186.22 (*People v. E.H.* (2022) 75 Cal.App.5th 467, 477 (*E.H.*)).  The law previously "defined a 'criminal street gang,' as 'any ongoing organization, association, or group of three or more persons . . . whose members *individually or collectively* engage in, or have engaged in, a pattern of criminal gang activity.'  (Former § 186.22, subd. (f), italics added.)  Assembly Bill 333 narrowed the definition to 'an ongoing, organized association or group of three or more persons . . . whose members *collectively* engage in, or have engaged in, a pattern of criminal gang activity.'  (Assem. Bill 333, § 3, revised § 186.22, subd. (f), italics added.)"  (*Ibid.*)

Assembly Bill 333 also altered the definition of "'pattern of criminal gang activity'" in the statute.  (*E.H.*, *supra*, 75 Cal.App.5th at p. 477; § 186.22, subd. (e)(1) & (2).)  The prosecution previously "needed to prove 'only that those associated with the gang had committed at least two offenses from a list of predicate crimes on separate occasions within three years of one another.'"  (*E.H.*, at p. 477; Former § 186.22, subd.

5

(e)(1).) Assembly Bill 333 made the following changes to that definition: (1) "the predicate offenses now must have been committed by two or more 'members' of the gang (as opposed to any persons)" (*E.H.*, at p. 477; § 186.22, subd. (e)(1)); (2) "the predicate offenses must be proven to have '*commonly* benefited a criminal street gang'" (*E.H.*, at p. 477; § 186.22, subd. (e)(1)), and the common benefit must be "more than reputational" (§ 186.22, subd. (e)(1)); (3) "the last predicate offense must have occurred within three years of the date of the currently charged offense" (*E.H.*, at p. 477; § 186.22, subd. (e)(1)); (4) "the list of qualifying predicate offenses has been reduced" (*E.H.*, at pp. 477-478; § 186.22, subd. (e)(1)); and (5) "the currently charged offense no longer counts as a predicate offense" (*E.H.*, at p. 478; § 186.22, subd. (e)(2)).

Assembly Bill 333 further amended the statute so that it now defines "to benefit, promote, further, or assist" as meaning "to provide a common benefit to members of a gang where the common benefit is more than reputational." (§ 186.22, subd. (g).) The statute identifies some "[e]xample's of a common benefit that are more than reputational," which "may include, but are not limited to, financial gain or motivation, retaliation, targeting a perceived or actual gang rival, or intimidation or silencing of a potential current or previous witness or informant." (*Ibid.*)

In addition to these substantive changes to section 186.22, Assembly Bill 333 added section 1109, under which a defendant charged with a gang enhancement under section 186.22, subdivision (b), "may request a bifurcated trial, in which the defendant is

first tried for the underlying offense, and only upon conviction is tried for any gang enhancements. (§ 1109, subd. (a).)" (*Sek*, *supra*, 74 Cal.App.5th at p. 665.)

B. *Retroactivity*

The parties agree, as do we, that under *In re Estrada* (1965) 63 Cal.2d 740, 744 (*Estrada*), Assembly Bill 333 applies retroactively to defendants whose judgments of conviction were not final when Assembly Bill 333 became effective. (*E.H.*, *supra*, 75 Cal.App.5th at p. 478.) However, the People argue that Smith's convictions, including the true findings on the two gang enhancements, were final when Assembly Bill 333 became effective, because we affirmed those convictions on direct appeal and remanded the matter to the trial court for resentencing only. We are not persuaded.

Under *Estrada*, *supra*, 63 Cal.2d 740, absent legislative intent to the contrary, we presume that the Legislature intended ameliorative changes to the criminal law to apply to all criminal cases not yet final on appeal. (*Id.* at pp. 744-746; *People v. Nasalga* (1996) 12 Cal.4th 784, 796.) The *Estrada* rule applies to ameliorative statutes "governing penalty enhancements." (*Nasalga*, *supra*, at p. 792.)

In *Estrada*, the Supreme Court explained that for purposes of retroactivity "[t]he key date is the date of final judgment." (*Estrada*, *supra*, 63 Cal.2d at p. 744; *People v. Esquivel* (2021) 11 Cal.5th 671, 676.) An ameliorative statute applies retroactively to a case if it "becomes effective prior to the date the judgment of conviction becomes final." (*Estrada*, at p. 744.) For purposes of determining retroactivity of an ameliorative statute,

7

"'judgment is not final until the time for petitioning for a writ of certiorari in the United States Supreme Court has passed.'" (*People v. Vieira* (2005) 35 Cal.4th 264, 306.)

The People argue that our remand for the limited purpose of resentencing on Smith's initial appeal did not "impact the finality of [Smith's] convictions and true findings for the associated gang enhancements," so his convictions were final for purposes of *Estrada*, *supra*, 63 Cal.2d 740 when Assembly Bill 333 became effective after the trial court resentenced Smith. This argument fails. It is foreclosed by the Supreme Court's recent decision in *People v. Padilla* (May 26, 2022, S263375) __ Cal.5th __ [2022 Cal.Lexis 2916] (*Padilla*). There, the Attorney General conceded that the vacatur of the defendant's sentence on habeas corpus rendered the judgment nonfinal, and our Supreme Court agreed. (*Id.* at p. *8.) The court explained that a criminal "case is final when 'the criminal proceeding as a whole' has ended [citation] and 'the courts can no longer provide a remedy to a defendant on direct review' [citation]." (*Ibid.*) The court concluded that the defendant's case was nonfinal under *Estrada* because the defendant was appealing from a new sentence imposed after the original sentence was vacated. (*Id.* at pp. *8-9.) The court rejected the Attorney General's argument that for *Estrada* purposes there exists a distinction "between cases that are nonfinal because the defendant is undergoing retrial or resentencing and those in a newly coined procedural stance—cases 'not yet final on initial review.'" (*Id.* at p. *9.)

The People's argument that Assembly Bill 333 does not apply here because it "is not a sentencing bill" and does not "involve sentencing issues" is also foreclosed by

*Padilla*. *Padilla* did not involve a sentencing issue but instead concerned applicability of Proposition 57's requirement that minors can be tried and sentenced in criminal court only after a juvenile transfer hearing has been conducted. (*Padilla*, *supra*, 2022 Cal.Lexis 2916, at p. *4.)

For all of these reasons, we conclude that Smith's judgment of conviction is not final, and Assembly Bill 333 applies retroactively to his nonfinal judgment of conviction.

C. *Smith's Gang Enhancements*

The People concede that if we conclude that Smith's judgment of conviction is not final, then reversal is required because the jury instructions allowed the jury to make findings on grounds that are no longer permissible and did not require the jury to find some of the elements that are now necessary. The People also concede that the error was prejudicial. We agree.

To determine whether reversal is required in this case, we apply the harmlessness standard articulated in *Chapman v. California* (1967) 386 U.S. 18, 24. (*E.H.*, *supra*, 75 Cal.App.5th at p. 479; *Sek*, *supra*, 74 Cal.App.5th at p. 668.) Under that standard, reversal is required unless it appears beyond a reasonable doubt that the failure to require proof of the new elements for the enhancements at Smith's trial did not contribute to the true findings on the gang enhancements. (*E.H.*, at p. 479.)

Here, we cannot conclude that allowing the jury to make findings on grounds that are no longer permissible and failing to require proof of additional elements that are now necessary was harmless beyond a reasonable doubt. First, the jury was not instructed that

9

in order to find that the offenses were committed for the benefit of, at the direction of, or in association with a criminal street gang the jury had to find that the benefit was more than reputational, as is now required. (§ 186.22, subd. (g).) Moreover, Wilf opined that the offenses benefitted Pasadena Denver Lanes in part because they bolstered the gang's reputation. In light of that testimony, regardless of the other nonreputational ways in which Wilf testified that the offenses benefitted the gang, "we cannot rule out the possibility that the jury relied on reputational benefit to the gang as its basis for finding the enhancements true." (*Sek*, *supra*, 74 Cal.App.5th at p. 669.) Second, the jury was instructed that if it found Smith guilty of any of the underlying offenses, it could rely on those offenses to establish the pattern of criminal gang activity necessary to find that the Pasadena Denver Lanes constituted a criminal street gang. The prosecutor emphasized that point in closing argument. The statute no longer allows the charged offenses to be used for that purpose. (§ 186.22, subd. (e)(2).)

The proper remedy under these circumstances—when "newly required elements were 'never tried' to the jury" (*E.H.*, *supra*, 75 Cal.App.5th at p. 480) and the jury was allowed to make findings on grounds that are no longer permissible—"is to remand and give the People an opportunity to retry the affected charges" (*ibid.*). We therefore vacate the true findings on the enhancements under section 186.22, subdivision (b)(1), and remand to the trial court for further proceedings consistent with this opinion. We need not and do not address the additional questions concerning the abstract of judgment and custody credits on which we also requested supplemental briefing.

## DISPOSITION

We vacate the true findings on the gang enhancements under section 186.22, subdivision (b)(1)(A) and (C).  We remand to the trial court to give the People the opportunity to retry the enhancements under the new law as amended by Assembly Bill 333, and to conduct further proceedings as appropriate.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MENETREZ
J.

We concur:

SLOUGH
Acting P. J.
FIELDS
J.

11